GARRISON, Judge.
On August 17,1985 Craig Hebert of 4201 Witchita Street, Metairie, Louisiana was arrested for carrying a concealed weapon.
On September 12, 1985 Hebert was charged via bill of information with violation of R.S. 14:95. R.S. 14:95 provides for an enhanced penalty scheme such that the first conviction is a misdemeanor whereas second and subsequent convictions are felonies. This bill was nolle prosequied on November 7, 1985.
On October 28, 1985 the State filed a second bill charging Hebert with a violation of 14:95.1 “Possession of firearm or carrying concealed weapon by a person convicted of certain felonies.” Presumably that portion of R.S. 14:95.1(A) applicable in the instant case is “It is unlawful for any person who has been convicted of ... any violation of the Uniform Controlled Dangerous Substances Law which is a felony....” The pardon contained in the record presently before us (Crim.Dist.Ct. # 310-629G) indicates that defendant’s pri- or convictions were for possession of marijuana, on January 18, 1972, possession of marijuana on May 19, 1972 and attempted possession of heroin with intent on June 27, 1975.
During 1985 counsel for defendant informed A.D.A. Glen Alexander and Chief Investigator Raymond Comstock that defendant had been paroled and presented them with copies of defendant’s parole.
Although the second bill was filed on October 28, 1985 the arraignment thereon was not held until August 6, 1986. At that time defendant entered a plea of not guilty.
On November 21, 1986, defendant filed a motion to quash. On that same date, the State amended the bill of information to re-allege a violation of R.S. 14:95, which had already been nolle prosequied on November 7, 1985.
On January 23, 1987, the trial court judge (Frank Shea) granted the motion to quash.
C.Cr.P. Art. 578 provides as follows:
“Except as otherwise provided in this Chapter, no trial shall be commenced:
[[Image here]]
“(2) In other felony cases after two years from the date of institution of the prosecution; and
“(3) In misdemeanor cases after one year from the date of institution of the prosecution.
“The offense charged shall determine the applicable limitation.”
As counsel for the State said in his opposition to defendant’s motion to quash “... [the concluding paragraph of Article 578] has been construed to mean that the offense charged in the original indictment or information determines the applicable statutory time limits_” (R. p. 22) The original information in the instant case was for a misdemeanor under R.S. 14:95 such that subsection (3) applies and the trial court correctly granted the motion to quash.
For the reasons discussed, the judgment below is affirmed.
AFFIRMED.
BARRY, J., dissents with written reasons.